UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**MITCHELL RAY SAXTON**                                                               **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:12CV-141-M**

**JUDGE MARTHA HARRISON** *et al.*                                    **DEFENDANTS**

## MEMORANDUM AND ORDER

By Order entered September 10, 2012, the Court ordered Plaintiff to complete a new application to proceed without prepayment of fees, finding that Plaintiff's application to proceed without prepayment of fees lacked information needed for this Court to adequately determine whether he meets the requirements for *in forma pauperis* status (DN 4). The Court warned that Plaintiff's failure to file the new application within 21 days would result in dismissal of the action for failure to prosecute.

Plaintiff did not file a new application but filed a motion for appointment of a federal judge from Jefferson County who does not know Defendants (DN 5). Claiming a conflict of interest, he states that:

> Bowling Green and Franklin are too close (20 miles) within traveling distance. My Federal complaint involves defendants from both cities, and everybody knows each other. I want my case [] to have a presiding Fedaral Judge from Louisville, Ky. appointed to my case, so that I can have an IMPARTIAL JUDGE.

He continues that "I want my lawsuit to be followed through with no case tampering like in my previous case. . . . my name was black-called in Simpson County because of how my case was handled."

In requesting appointment of another judge, Plaintiff necessarily is seeking recusal of the undersigned. Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). It is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 WL 296865 (6th Cir. Oct. 15, 1992); *see also Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988).

"A district court judge must recuse himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is *objective* and is not based on the subjective view of a party." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993) (quoting *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990)) (internal quotation marks omitted); 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). Additionally, § 455(b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." To demonstrate bias or prejudice, the party seeking recusal must set out specific facts demonstrating a personal bias that stems from an extrajudicial source. *See Alexander v. Chicago Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985).

Plaintiff fails to present specific facts showing any impartiality, bias, or prejudice on the part of the undersigned. *See In re Womack*, 253 B.R. 245, 246 (Bankr. E.D. Ark. 2000) ("Although the Court has a duty to recuse where any of [the § 455] factors exist, there is a concomitant duty not to recuse on unsupported, irrational or tenuous speculation."). Plaintiff

states only that Defendants are from Bowling Green and Franklin and that "everybody knows each other." Such a broad, unsupported claim does not warrant recusal of the undersigned.

The Court advises that the instant action is the only action Plaintiff has filed in this Court. Thus, his allegation of "case tampering like in my previous case" cannot be attributed to the undersigned and warrants no further discussion.

**IT IS THEREFORE ORDERED** that the motion for appointment of a federal judge from Jefferson County (DN 5) is **DENIED**.

The Court will provide Plaintiff with one more opportunity to comply with this Court's September 10, 2012, Order. Accordingly,

**IT IS ORDERED** that within **21 days** from the date of entry of this Order, Plaintiff must complete a new application to proceed without prepayment of fees. Plaintiff is **WARNED** that his failure to file the new application within the time allotted **will result in dismissal** of the action for failure to prosecute.

The **Clerk of Court is directed** to send Plaintiff a new non-prisoner application to proceed without prepayment of filing fee.

Date: November 6, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.005

3