## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**MITCHELL RAY SAXTON**                                                                                  **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:12CV-141-M**

**JUDGE MARTHA HARRISON** *et al.*                                            **DEFENDANTS**

### MEMORANDUM OPINION

By Order entered September 10, 2012, the Court ordered Plaintiff to complete a new application to proceed without prepayment of fees, finding that Plaintiff's application to proceed without prepayment of fees lacked information needed for this Court to adequately determine whether he meets the requirements for *in forma pauperis* status (DN 4). The Court warned that Plaintiff's failure to file the new application within 21 days would result in dismissal of the action for failure to prosecute. Plaintiff did not file a new application but filed a motion for appointment of a federal judge from Jefferson County who does not know Defendants (DN 5). By Memorandum and Order entered November 7, 2012, the Court denied Plaintiff's motion and provided him with another opportunity to comply with the prior Order and file a new application to proceed without prepayment of fees (DN 6). The Court again warned Plaintiff that his failure to file the new application within 21 days of entry of the order would result in dismissal of the action for failure to prosecute. More than 21 days have passed without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent

power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan*, 951 F.2d at 110.

Because Plaintiff failed to comply with two Orders of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date: January 13, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.005

2